## Martin, Appellant, *v.* Borough of West Liberty.

*Trespass—Real property—Railroads—Borough street — Unauthorized entry—Damages—Conclusiveness of verdict—Appeals.*

The verdict of a jury in favor of a defendant in an action of trespass against a borough to recover damages for injury to real property will not be reversed where the assignments of error present no question of law and the question of fact at the trial was whether the plaintiff had suffered a special injury by the depreciation of his property due to the construction of a railroad below the natural grade across a borough street where it appeared that the borough had given its consent for such construction to pass over the street in question at grade, that no official grade had been established as to the street in question and that the company opened a new street on its own land in substitution for the one destroyed.

Argued November 3, 1913. Appeal, No. 245, Oct. T., 1913, by plaintiff, from judgment of C. P. Allegheny Co., Fourth Term, 1907, No. 195, on verdict for defendant in case of John A. Martin v. Borough of West Liberty. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for injury to real property. Before EVANS, J.

The opinion of the Supreme Court states the case.

The jury found a verdict for defendant upon which judgment was entered. Plaintiff appealed.

*Thomas L. Kane,* for appellant.

*Harry Diamond,* with him *Charles A. O'Brien,* for appellee.

PER CURIAM, January 5, 1914:

The assignments of error present no question of law for our consideration. The Borough of West Liberty gave its consent to the West Side Belt Railroad Company to enter it on lines indicated in the ordinance and to pass over certain streets at grade. The company in constructing its road crossed below the natural grade, a street on which the plaintiff's property was situated, no official grade having been established and in so doing deprived the plaintiff of the means of access he had before enjoyed to a part of the street. The location of the road at this place was a permanent one and the company opened a new street on its own land in substitution for the one destroyed. The action was for the recovery of damages from the borough for permitting the unauthorized act of the company. The question of fact at the trial was whether the plaintiff had suffered a special injury by the depreciation of his property. The jury under clear and adequate instructions found that he had not.

The judgment is affirmed: